**In the Matter of Application of C.B. on behalf of Z.G. her minor child, Plaintiff–Appellant,**

**v.**

**DEPARTMENT OF EDUCATION OF the CITY OF NEW YORK, Defendant–Appellee.**

No. 08–0881–cv.

United States Court of Appeals, Second Circuit.

April 7, 2009.

Neal Howard Rosenberg, (Stewart Karlin, on the brief), Law Office of Neal H. Rosenberg, New York, NY, for Appellant.

Cheryl Payer, (Stephen J. McGrath and Vida M. Alvy, on the brief) Assistant Corporation Counsel, for Michael A. Cardozo, Corporation Counsel of the City of New York, New York, NY, for Appellee.

Present: CHESTER J. STRAUB, ROSEMARY S. POOLER and REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Plaintiff-appellant C.B., on behalf of her child Z.G., appeals from a judgment of the United States District Court for the Southern District of New York (Hellerstein, *J.*), granting summary judgment in favor of the Department of Education of the City of New York ("DOE") on plaintiff's claim under the Individuals with Disabilities in Education Act ("IDEA"), that seeks reimbursement for Z.G.'s private school tuition at the Dalton school on the ground that Z.G. is a "child with a disability" entitled to special education services. *See* 20 U.S.C. § 1401 et seq. We assume the parties' familiarity with the facts, procedural background, and specification of issues on appeal.

We review the district court's application of the IDEA's statutory and regulatory provisions to the facts of a particular case and its grant of summary judgment de novo. *Cerra v. Pawling Cent. Sch. Dist.*, 427 F.3d 186, 191 (2d Cir.2005). A district court is ordinarily "expected to give 'due weight' to [the administrative] proceedings, mindful that the judiciary generally 'lacks the specialized knowledge and experience necessary to resolve persistent and difficult questions of educational policy.'" *Walczak v. Florida Union Free Sch. Dist.*, 142 F.3d 119, 129 (2d Cir.1998) (alteration and quotation marks omitted) (quoting *Bd. of Educ. v. Rowley*, 458 U.S. 176, 206, 208, 102 S.Ct. 3034, 73 L.Ed.2d 690 (1982)). However, no deference is required where, as here, the district court is presented with the threshold question of a child's statutory eligibility for special education services; to wit, whether the child was disabled. *Muller v. Comm. on Special Educ.*, 145 F.3d 95, 102 (2d Cir.1998).

The IDEA defines a "child with a disability" as "a child ... with [*inter alia*] ... serious emotional disturbance ..., other health impairments, or specific learning disabilities; and ... who, by reason thereof, needs special education and related services." 20 U.S.C. § 1401(3)(A). The Impartial Hearing Officer ("IHO") found that Z.G. was "other health impaired" based on her co-morbid bipolar disorder and attention deficit hyperactivity disorder ("ADHD"). The State Review Officer ("SRO") reversed this decision finding no disability, and the district court affirmed. Plaintiff argues that the State Review Officer ("SRO") and the district court erroneously determined that Z.G. was not "other health impair[ed]," 20 U.S.C. § 1401(3)(A), which is defined as

having limited strength, vitality or alertness, including a heightened alertness to environmental stimuli, that results in limited alertness with respect to the educational environment, that is due to chronic or acute health problems, including but not limited to a heart condition, tuberculosis, rheumatic fever, nephritis, asthma, sickle cell anemia, hemophilia, epilepsy, lead poisoning, leukemia, diabetes, attention deficit disorder or attention deficit hyperactivity disorder or tourette syndrome, which *adversely affects a student's educational performance.*

8 N.Y. Comp.Codes R. & Regs. § 200.1(zz)(10) (emphasis added); *see also* 34 C.F.R. § 300.8(9).

Neither party contests that ADHD and bipolar disorder could qualify as disabling conditions. The question is whether Z.G.'s experience of those conditions adversely

impacted her educational performance. Z.G.'s grades and test results demonstrate that she continuously performed well both in public school before she was diagnosed, and at the Dalton school thereafter. The DOE's psychoeducational assessment and a psychological evaluation requested by plaintiff concur in finding that Z.G. tested above grade-level and do not opine that Z.G.'s educational performance has suffered. While Z.G.'s treating psychiatrist and teacher at Dalton testified to their observations of Z.G.'s difficulties with bipolar disorder and ADHD, there was a continuity of Z.G.'s successful performance both before and after her conditions were diagnosed. The evidence on record is insufficient to show that Z.G. has suffered an adverse impact on her educational performance. Plaintiff's other arguments are without merit.

We, therefore, affirm the judgment of the district court.